UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-3905 FMO (SSCx) | Date | June 25, 2025 |
|---|---|---|---|
| Title | Lubang Cao v. Mercedes-Benz USA, LLC | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:**   (In Chambers) Order Remanding Action

On May 1, 2025, defendant Mercedes-Benz USA, LLC ("defendant") removed this action based on diversity jurisdiction. (See Dkt. 1, Notice of Removal ("NOR")). On June 12, 2025, the parties filed their Joint Rule 26(f) Report, (see Dkt. 10), in which plaintiff disputed that the court had subject matter jurisdiction. (See id. at 3). On June 18, 2025, the court ordered defendant to show cause by no later than June 24, 2025, why this court has jurisdiction over this action. (See Dkt. 11, Court's Order of June 18, 2025). Defendant was "cautioned that failure to timely respond to th[e] Order shall be deemed as consent to remand." (See id.).

Defendant did not respond the court's order and did not show cause why this court has jurisdiction over this action. (See, generally, Dkt.). Because "[s]ubject matter jurisdiction may not be waived," Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003), and a removing defendant bears the burden of establishing that removal is proper, see Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted), the court will remand this action for lack of subject matter jurisdiction.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

**CONCLUSION**

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 25-3905 FMO (SSCx)** | Date | **June 25, 2025** |
|---|---|---|---|
| Title | **Lubang Cao v. Mercedes-Benz USA, LLC** | | |

2. The Clerk shall send a certified copy of this Order to the state court.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |